JOSEPH PAXTON *v*. HENRY HARRIER, with notice to DANIEL HENNINGER, *Terre-tenant*.

A mortgagee, who has released a vendee of the mortgagor for a valuable consideration, cannot recover against a prior vendee of the mortgagor, as between whom and the second vendee the land of the latter was primarily liable for the mortgage-money.

ERROR to the Common Pleas of Columbia.

*July* 11. Paxton, who was the plaintiff below, sold and conveyed to Harrier by deed of 5th May, 1832, a tract of 447 acres, and on the same day took from him a mortgage upon that land, to secure $1,100 of the purchase-money. The mortgage was recorded on the 30th of the same month. On the 1st June, 1832, Harrier sold to Daniel Henninger, the *terre-tenant*, a part of the land, by metes and bounds, containing, as was erroneously calculated by the surveyor, 11 acres 118 perches, at five dollars per acre, whereas, in fact, the marks and bounds included 26 acres. Owing to the mistake of the surveyor, Henninger paid only for 11 acres 118 perches, and held the remainder of the 26 acres, for which he paid nothing.

The rest of the mortgaged premises was subsequently sold by Harrier to several purchasers, the last of whom was Christian Shuman. From each of these purchasers, Paxton received a part of the $1,100 of unpaid purchase-money, with interest, proportioned

to the quantity of land bought by them severally; and, in considera-
tion thereof, did release and discharge their several purchases from
the lien of the mortgage of 5th May, 1832.

The amount of mortgage-money due, to enforce the payment of
which this *scire facias* was sued out, was what the 14 acres and
odd perches, held by Henninger, above what he paid Harrier for,
would amount to at $5 per acre, with interest from June 1st, 1832.

Upon the trial, the offer of the plaintiff to prove that Henninger
bought this land of Harrier, at so much per acre, and that the land
included in Henninger's deed contains 26 acres instead of 11 acres
118 perches, for the purpose of showing that Henninger is not such
a purchaser for valuable consideration paid as to exonerate his
land from paying the balance of the mortgage-money, was rejected,
and its rejection excepted to.

ANTHONY, President, charged the jury thus :—

" There are no facts in dispute between the parties in this case,
and it therefore resolves itself into a question of law, whether the
plaintiff is entitled to recover a verdict and judgment against Daniel
Henninger, and we are of opinion that he is not; that, by releasing
or discharging lands afterwards sold by Harrier, and being part of
the mortgaged property, the mortgagee also discharged the lands
from the lien of the mortgage which were purchased by Henninger
of Harrier, in June 1832. When Henninger bought his small lot
in 1832, for about $60, Harrier had abundance left, included in
the mortgage, to satisfy it. Afterwards, Harrier sold to different
persons, and among others, to Christian Shuman, and released the
purchasers from any liability to pay the balance of the mortgage-
money, as set forth in the *scire facias* on the mortgage. These acts
of Joseph Paxton prevented him from resorting to the land held
by Daniel Henninger for the payment of the balance on his mort-
gage, and we therefore instruct you, that under the evidence in the
cause your verdict ought to be for the defendant."

Verdict for the defendant.

*Pleasants*, for plaintiff in error.—The only question is, Is Daniel
Henninger such a purchaser as should be protected from the lien
of the mortgage for the balance due ? Does he come within the
equitable principle decided in Cowden's Estate, 1 Barr, 274; Nailor
*v.* Stanley, 10 S. & R. 454 ; Stephens *v.* Cooper, 1 Johns. Ch.
Rep. 425; Lyon *v.* Gill, Ib. 447 ; Clowes *v.* Dickinson, 5 Ib. 235;
5 Raw. 56; 4 Barr, 88. If not, then the court below erred in
rejecting the plaintiff's evidence, and in the whole charge.

Mortgagee may release part of the land to purchasers, and the rest remain chargeable: Dunlop, 314, act 2d April, 1822, § 1; Culp v. Fisher, 1 W. 494; 3 Raw. 139, 160, &c.

The inverse order of charging a lien upon an estate sold in parts, to different purchasers at different times, *is a mere rule of equity.* The release to subsequent purchasers, therefore, is not a technical discharge of land, previously conveyed, from the lien of the encumbrance. Neither is it an equitable release, unless upon principles of natural equity and justice: 8 Paige's Ch. Rep. 284; 1 Ib. 228; 6 Ib. 35; 9 Ib. 173; 1 Hill Ch. Rep. 500. Where purchase-money has been paid in good faith, the first purchaser has prior equity: 2 P. 300; 5 Johns. Ch. Rep. 33; 9 Cowen, 403; 1 Sto. Eq. § 165, 156. 2 Sto. Eq. §§ 1219, 1220, 1225, 1228, 1232: In England, vendor has a lien for unpaid purchase-money, but not as against *bonâ fide* purchaser *who has paid his money:* 10 Ves. 511; 12 Ib. 6. If written agreement by mistake contains more or less than the parties intended, and the mistake is clearly proved, equity will correct it: 1 Sto. Eq. §§ 152, 153, 155; 7 W. & S. 203. If the difference between the real and represented quantity be very great, it will evidently be a mistake, which equity will correct, especially against one asking equity: 13 S. & R. 162; 14 S. & R. 299; 2 Wh. Dig. 635, pl. 78.

*Comly,* contrà.—The land conveyed to Shuman was primarily liable for the whole mortgage-money, as between Henninger and Shuman, and if Henninger should be compelled to pay any part of the mortgage-money, he could recover it from Shuman: 10 S. & R. 450; 1 Barr, 274. Paxton's release to Shuman necessarily released Henninger's tract, otherwise Shuman would derive no benefit from it: Milliken v. Brown, 1 Rawle, 402; Taylor's Executors v. Mann, 5 Rawle, 57. From these cases it follows that Shuman has an equity to have the land of Henninger exonerated, and this equity cannot certainly be affected by the alleged mistake in the number of acres conveyed by Harrier to Henninger, more than nine years prior to his deed to Shuman. Nor has Paxton anything to do with this mistake, if any was made. His rights cannot be affected by it. It is a matter entirely between Harrier and Henninger, and if Harrier ever had a right of action against Henninger for the price of the surplus of land conveyed, that right was barred by the statute of limitations, prior to the deed to Shuman or the release of Paxton; and Harrier cannot avoid the effect of the statute by raising Paxton as a plaintiff, or by subrogating

himself to his mortgage: Fink v. Mahaffy, 8 W. 384; Bank of
Pennsylvania v. Pontius, 10 W. 52; Rittenhouse v. Levering, 6
W. & S. 198.

The opinion of this court was delivered by

ROGERS, J.—This is an ingenious attempt to get rid of the act
of limitations. The avowed object of the real plaintiff is to reach
Henninger through the medium of Paxton, the mortgagee, so as to
compel him to pay for an alleged mistake in calculating the con-
tents of a small tract of land, part of the mortgaged premises sold
by Harrier, the mortgagor, to Henninger; the deed calling for 11
acres 118 perches, instead of 26 acres, the real quantity. If suit
had been brought by Harrier against Henninger, which is the
appropriate remedy to try the right, the question would arise,
namely, whether the alleged mistake, after the consummation of the
contract, by delivery of the deed and payment of the purchase-
money, could be corrected, a question about which there could be
but little difficulty, and second, whether the error, if any existed,
could be remedied after the claim was barred by the act of limita-
tion, a point more plain, if possible, than the former. These ques-
tions, which are insurmountable, the plaintiff seeks to evade under
cover of a suit, in the name of the mortgagee. The attempt is to
do by indirection what cannot be done directly. This the law will
not tolerate. Besides, to allow Paxton to recover against Hen-
ninger would be a wrong to Shuman, whom Paxton, for a valuable
consideration, has released. For, on the recovery against him,
Henninger would have a remedy over against Shuman, who was a sub-
sequent purchaser from Harrier, on the principle settled, in Nailor
v. Stanly, 10 S. & R. 450, Cowden's Estate, 1 Barr, 277–8, and
other cases. The tract conveyed to Shuman was primarily liable
for the mortgage-money, as between Henninger and Shuman, and if
the former is compelled to pay any part of the mortgage-money, he
can recover the amount from Shuman. In addition, even if suc-
cessful, it would be a lame victory, as Harrier cannot, by any possi-
bility, receive any benefit from it. For, if Shuman is compelled to
pay, Harrier must respond to him. Henninger, in the event of a
recovery, may sustain suit, either against Shuman or Harrier. If
the former, Harrier would be liable to Shuman; if the latter, to
Henninger. The owners, in neither case, have any defence. Sup-
pose Paxton recovers against Henninger, and Henninger brings suit
against Harrier; what defence would he have? Certainly none,
for unquestionably Henninger, the vendee, would have a *primâ*

*facie* case against Harrier, the vendor, inasmuch as the land of the former had been taken to satisfy a mortgage which the latter was bound to pay. To meet this, he would be drawn to take the ground that there was a mistake in the quantity of the land; and this would raise precisely the question he seeks to avoid, namely, that the mistake, under the circumstances, cannot be corrected, and that the claim, if any at one time existed, is barred by the act of limitation.

Judgment affirmed.